UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLIVIA HILA, EMILIAN HILA,

        Petitioner,

v.

        Case No. 20-12090
        District Judge Victoria A. Roberts
        Mag. Judge Anthony P. Patti

CHAD WOLF, in his official capacity
as Acting Secretary, U.S. Department
of Homeland Security; KENNETH T.
CUCCINELLI, Senior Official Performing
the Duties of the Director of U.S. Citizenship
and Immigration Services; MICHAEL J. KLINGER,
Detroit Field Office Director of U.S. Citizenship
and Immigration Services; MATTHEW T.
ALBENCE, Deputy Director, Immigration
and Customs Enforcement; REBECCA
ADDUCCI, Detroit Field Office Director,
Immigration and Customs Enforcement; WILLIAM
P. BARR, U.S. Attorney General, CHRISTOPHER
WRAY, Director of the Federal Bureau of Investigations.

        Respondents.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER [ECF No. 1]

**I.    INTRODUCTION/BACKGROUND**

Petitioner Emilian Hila ("Hila") asks the Court to order Respondents to make a decision on his I-130 Petition ("I-130 Petition") within 30 days.

1

Hila is an Albanian national who came to the United States on a tourist visa on January 24, 2018; his visa expired on June 23, 2019. On July 12, 2019, Hila married Olivia, a United States citizen.

On September 12, 2019, Olivia filed the I-130 Petition and Hila filed for Adjustment of Status. Individuals may file Petition I-130 to achieve lawful status in the United States. The filing or approval of this petition does not give the individual any immigration status or benefit. Generally, once USCIS approves the I-130 Petition, an individual may file an adjustment of status application to become a lawful, permanent resident. Hila's I-130 Petition application is still pending.

Around November 7, 2019, ICE apprehended Hila and detained him. Hila was placed in removal proceedings and denied bond because he had misrepresented his employment on the tourist visa application. His request for continuance of his immigration hearing was denied and he appealed to the Board of Immigration Appeals ("BIA").

Hila then filed this action on August 4, 2020, as a petition for writ of mandamus. He asserts claims under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(a). Hila asks the Court to issue: (1) a Writ of Mandamus requiring the Respondents to

make a decision on the I-130 Petition within 30 days; and (2) a declaration that Respondents are enjoined from removing Hila while this case is pending. He seeks a temporary restraining order ("TRO") compelling the United States Citizenship and Immigration Services ("USCIS") to adjudicate his pending I-130 Petition.

The Court **DENIES** Hila's Motion for a Temporary Restraining Orders.

## II.   STANDARD OF REVIEW

A petitioner bears the burden to demonstrate entitlement to injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Generally, courts consider four factors in determining whether to grant a preliminary injunction: "(1) whether the movant has demonstrated a substantial likelihood of success on the merits, (2) whether the movant will suffer irreparable injury absent injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether the public interest will be served by an injunction." *Flight Options, LLC v. Int'l Bhd. of Teamsters, Local 1108*, 863 F.3d 529, 540 (6th Cir. 2017) (citing *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Courts must strike a balance "between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id.* at 546 (internal citations omitted). In striking that balance, courts must give great deference to the custodians "in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security," *id.* at 547, lest courts become "enmeshed in the minutiae of prison operations." *Id.* at 562.

## III. ANALYSIS

### A. Petitioner Seeks an Improper Remedy

First, Hila improperly seeks to obtain a substantial portion of the ultimate relief sought in the case through a TRO. But, the sole purpose of a TRO is to preserve the status quo pending hearing on the moving party's application. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974).

Hila goes beyond requesting to preserve the status quo or the relative positions of the parties. He seeks a mandatory injunction that would require the government to immediately adjudicate his I-130 Petition. The relief Hila seeks is not "temporary," but rather is the exact relief he seeks in his Petition. "[I]t is generally inappropriate for a federal court at the preliminary-injunction

4

stage to give a final judgment on the merits." *Id.; see also Senate of State of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) ("[a] judgment on the merits in the guise of preliminary relief is a highly inappropriate result").

### B. Substantial Likelihood of Succeeding on the Merits

Hila does not establish that he is likely to prevail on the merits. He asserts two causes of action—a claim under the Mandamus Act and a claim under the APA; both allege that Respondents have not adjudicated his I-130 Petition within a reasonable time. Relief under the Mandamus Act and the APA are "virtually equivalent when a petitioner seeks to compel an agency to act on a nondiscretionary duty." *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997).

In general, while the government has discretion whether to grant or deny an I-130 Petition, it has a non-discretionary duty to act on that application within a reasonable time. *See Liu v. Chertoff*, 2007 WL 2435157 (D. Or. Aug. 29, 2007) (citing cases). Hila's claim that Respondents unduly delayed in adjudicating his I-130 Petition rests on the premise that more than 11 months have elapsed since USCIS' receipt of it.

5

Courts consider the following factors in exercising their discretion to determine whether a delay is unreasonable for purposes of a claim under the APA, 5 U.S.C. § 706(1):

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001) (quoting *Telecomms. Resource & Action (TRAC)*, 750 F.2d 70, 80 (D.C. Cir. 1984)).

Courts have found delays of four years or less in adjudicating an I-130 Petition to be "not unreasonable." *Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1071 (N.D. Cal. 2014). Based solely on application of the first factor, Hila has not shown that a delay of less than one year is unreasonable. As for the second through sixth factors, Hila provides no evidence or argument sufficient to show a likelihood of success on the question whether USCIS has unreasonably delayed in adjudicating his I-130 Petition.

**C. Irreparable Harm**

Hila does not show that he will suffer irreparable harm. He cannot establish that the mandatory injunction he seeks would address the alleged harm. A claim under the APA, 5 U.S.C. § 706(1), allows the court to compel an agency to take action, but it does not permit the court to compel a specific result. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004); *St. Helens Mining & Recovery Ltd. P'ship v. U.S.*, 384 F.3d 721, 728 (9th Cir. 2004). Thus, an order compelling USCIS to adjudicate Hila's I-130 Petition within 30 days would not necessarily result in an approval of his Petition.

### D. Balance of Harms and Public Interest

The remaining two factors—balance of harms and public interest—merge when the government is the party opposing a motion for preliminary injunction. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Further, courts must "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-13 (1982).

Hila does not show that his request for an order compelling adjudication of his I-130 Petition would not adversely affect the public interest. The government has a strong interest in thoroughly reviewing petitions for immigration benefits in order to ensure that applicants are eligible under federal law. Hila does not show that his claimed harm is greater

7

than the harm that would result were the court to compel USCIS to immediately adjudicate his I-130 Petition.

## IV. CONCLUSION

For the reasons stated, Hila's motion for a temporary restraining order is **DENIED**.

**IT IS ORDERED**.

S/ Victoria A. Roberts<br>Victoria A. Roberts<br>United States District Judge

8/9/2020